LUCY MILLER et al., Plaintiffs, *v.* WILLIAM J. MILLER et al.,
Defendants.

(Supreme Court, Kings Special Term, February, 1898.)

**1. Will — A bequest of real estate not transferring to the legatee mortgages upon it owned by the testator.**

A provision contained in the will of a testator that, "As my wife, Jane G. Miller, has in her own name real estate which was earned by her and myself together, I hereby give, devise and bequeath to her all my right and interest therein and request her to release her right of dower in my residuary estate", does not transfer to the wife the interest of the testator in bonds and mortgages originally given by him and his wife and assigned to him several years after he made his will; but they are enforcible against her only to the extent of one-half of their amount.

**2. Dower — Election.**

The request of the testator, that the wife will release her dower in the residuary estate, does not put her to an election, as mere precatory words are insufficient for that purpose; the rule being that in order to compel an election, it must appear that the testamentary provision was intended to be in lieu of dower.

ACTION for the construction of a will and for partition. Title comes through the will of James P. Miller, of whom the parties are the children and widow. It was executed September 18th, 1884, and he died in 1895. The third clause is as follows: "As my wife Jane G. Miller has in her own name real estate which was purchased with money earned by her and myself together, I hereby give, devise and bequeath to her all my right and interest therein and request her to release her right of dower in my residuary estate." At the time the said will was executed there were two outstanding mortgages on the real estate thus devised, to secure two bonds of $2,500 each executed by the said widow and the testator. On January 3rd, 1887, the testator purchased the said bonds and mortgages, and they were assigned to him. It is now claimed in behalf of the widow that the said mortgages are included in the said devise to her. It is claimed by the children that the said devise was in lieu of her dower, and put her to her election.

Wilson M. Powell, for plaintiffs.

William H. Willits, William F. Connell and G. B. Van Wart, for defendants.

GAYNOR J.: I do not think that a devise like this one, of all the "right and interest" of the testator in real property, ever included the interest secured by mortgages on real property. Whatever doubt one may have on this head comes from a lack of discrimination in respect of the former double nature of such mortgages, arising from the different effect given to them at law and in equity. In law the mortgage was held to convey the fee, subject only to being defeated by a compliance with the condition on the exact day appointed. The mortgagee could maintain ejectment to get possession of the land; and his estate therein descended to his heir, or was embraced within a general devise of realty. But the court of chancery would not have this, and regarded a mortgage as only a security for the debt. It regarded the debt as the principal thing, and the mortgage as a mere incident, and by entertaining a bill to redeem upon payment of the debt, even after default, it practically nullified the rule at law. It was thus of no practical use to say that the dry, technical estate of the mortgagee descended to his heir, or followed his general devise of realty, for in equity both the debt and the mortgage were held to go as personalty to the personal representative, and if the heir had possession of the land he was held to have it as trustee for the personal representative; and the rule in equity was the one followed by the ordinary (Demarest v. Wynkoop, 3 Johns. Ch. 145; Washb. B'k I, pp. 479, 511). It is thus seen that the rule at law that an interest acquired by a mortgage of land descended to the heir, or followed a general devise of realty, was based upon the rule that such a mortgage vested the fee in the mortgagee, and that the mortgage was not personalty; but that this rule was frustrated in its application by the relief obtainable under the contrary rule in equity.

But all this nicety was made obsolete by the enactment in the Revised Statutes of 1830 (2 R. S. p. 312, sec. 57), that no action of ejectment should thereafter be brought by a mortgagee to recover possession of the mortgaged land. The equity rule was thereby made the rule at law, for it could no longer be said that the mortgagee had even a technical title when his right to pos-

session was taken away. A mortgage upon land cannot therefore be claimed with us to be an interest in real estate. It is personalty only (Trimm v. Marsh, 54 N. Y. 599).

Therefore, if the general rule that a will speaks as of the date of the testator's death, be applied here, this devise does not include the said mortgages. But the facts and the language used seem to exclude the application of such rule. The testator did not own the mortgages when he made his will, but acquired them several years afterwards; and moreover he expresses in the clause in question the restricted intention of devising to his wife the interest he supposed he then had in the land, by reason of the purchase money having been in part his, though the title was taken in her name. He had in mind such purchase money paid by him, and that he had a part interest in the land by reason thereof. That he afterwards acquired the outstanding mortgages cannot be used to enlarge such intention (Rogers v. Rogers, 153 N. Y. 343). The oral evidence taken on the trial to show that the testator acquired the said mortgages for the purpose of having the land go to his widow free of them, and that he thought they would be extinguished by the terms of the said devise to her, is equally incompetent to enlarge the effect of the words of such devise.

But the bonds which the said mortgages were made to secure being executed by both the testator and the widow, it follows that the said mortgages are a lien in the hands of the executors for only one half of the sums secured thereby.

The request at the end of the said devise that the widow release her dower in the residuary estate, did not put the widow to her election in respect to dower. Similar precatory words have often been held to be mandatory for the purpose of creating trusts, and sometimes in the cutting down of the meaning of the general words of bequests and devises; but I know of no authority for applying that doctrine to the construction of a will on the question of whether it puts the widow to her election. On the contrary, no mere request can put her to such election. She can be put to it only by express words to that effect in the will, such as a bequest or devise in lieu of dower, or by the taking of dower being inconsistent with the provisions of the will, where provision is made therein for her, so that the scheme of the will and the admeasurement of dower cannot both be carried out. It must appear from the will that the husband did not intend that his wife should take both dower and the provision he makes for her therein, in

order to require her to elect which she shall take (Closs v. Eldert, 16 Misc. Rep. 104).

The fourth clause of the will does not effect an equitable conversion of the land into personalty, nor create a trust, but only confers a discretionary power in trust for the purpose of sale and distribution, and this does not stand in the way of a suit for partition (Mellen v. Banning, 72 Hun, 176; Palmer v. Marshall, 81 Hun, 15).

Let judgment be entered accordingly.