(32 Misc. Rep. 665.)

## HORSTMAN v. FLEGE et al.

(Supreme Court, Trial Term, Queens County.   November, 1900.)

WILLS—DOWER—ELECTION OF WIDOW.

That testator devised his realty to his four children in specified parcels, charged with the payment of an annuity to the widow, did not put the widow to her election as between the provisions made for her in the will and her dower right, since the dower right is to be considered only as a lien, and was not inconsistent with the devise to the children.

Action by Elizabeth Horstman against Emilia Flege and others for the admeasurement of plaintiff's dower.   Judgment for plaintiff.

Action by a widow for admeasurement of dower.   Her husband de-vised his realty in specified parcels to his four children, charged, however, in each case, with the payment of a specified annuity to the widow; except in the case of one parcel devised to one of the children.   The widow did not elect to take dower, and the time for such election has passed.

Edward T. Horwill, for plaintiff.

Wyckoff, Statesir & Frost, for defendants.

GAYNOR, J.   It is claimed that instead of being entitled to both the widow was by the will put to her election between the provision made for her by the will and her dower right.   Though the will does not expressly say that the annuities are to be in lieu of dower, and thus expressly put her to such election, nevertheless if the taking of dower would be inconsistent with the provisions of the will, she was put to such election.   Closs v. Eldert, 16 Misc. Rep. 104, 37 N. Y. Supp. 353.   The children cannot possess the land and pay the annuities out of the rents and profits thereof, as the will evidently designs, if one-third of such land is to be possessed by the widow and not by them.   This presents the physical difficulty which seems to have always been considered the test of whether the widow was put to her election.   The test has always been stated to be whether the setting off of one-third of the realty to the widow by "metes and bounds" would be inconsistent with the provisions of the will for her benefit and devising the realty, and disturb and disappoint the same.·   In re Zahrt, 94 N. Y. 605.   But the decision in Closs v. Eldert on appeal (30 App. Div. 338, 51 N. Y. Supp. 881) seems to do away with this physical test and substitutes another.   It is that in determining the question of election the dower right is to be considered the same as a lien or incumbrance, and uses these words:

"If one of the devisees held a mortgage upon the property it would scarcely be contended that such person could not enforce the mortgage because such enforcement would destroy equality of division under the terms of the will. The dower right is essentially a lien and the wife is entitled to its benefits."

In that case the devise was of the real estate to the wife and two children in fee, "share and share alike."   It was physically impossible to divide the land by metes and bounds into three parcels, one for each, if one-third were first to be set off by metes and bounds to the wife for her dower.   But the court held that this physical diffi-

culty was not the test, but that the dower right was to be considered as a mortgage and be enforced as such, and not by actual admeasurement. The case of Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868, is cited for this. It is true, however, that in that case there was a peremptory power of sale of the realty in the will, thus converting it into personalty, and the division share and share alike among the wife and children directed by that will was not of the realty but of the proceeds of the sale thereof, and hence the practical difficulty of setting off one-third of the realty to the wife by metes and bounds and still carrying out the will was not presented at all; but nevertheless the said decision in Closs v. Eldert must be deemed authoritative by a trial judge.

Judgment for the plaintiff.