(120 App. Div. 581)

### WILSON v. WILSON et al.

(Supreme Court, Appellate Division, Second Department. June 21, 1907.)

1. WILLS—ELECTION—PROVISIONS FOR SURVIVING WIFE—DOWER.
   Testator's will put one half his estate in trust with the executors for his widow for life, with remainder to his three children, and conferred a power in trust on the executors to divide the other half equally among his three children. Held, that the provisions of the will for the widow were inconsistent with her taking dower, since the half devise to the children cannot be divided into three parts among them, and each put into possession of his part, if one-third of the whole, which is two-thirds of the half, has first to be put into the widow's possession for her dower, and hence she is put to her election.

2. SAME.

    The contention that dower is a lien on the realty, so that it does not prevent the physical division directed by the will, is untenable, since dower is not a lien, of any kind, but an estate.

3. SAME—INTENT OF TESTATOR.

    Under the provisions of the will it was clearly not the intent of the testator to have the widow take dower in addition to the provisions made for her.

4. SAME.

    The trust here given to the executors to·divide the half given to the children into three equal parts and assign one to the possession and control of each child was inconsistent with the right of the widow to dower, since, where all the realty is left in trust, the trust is inconsistent with the right of the widow to dower.

    Appeal from Special Term, Kings County.

    Action by Emma E. Wilson, individually and as executrix of the will of Simon C. Wilson, deceased, against Arthur H. Wilson· and another, individually and as executors of the will of Simon C. Wilson, deceased, and another. From a judgment for plaintiff, defendants appeal. Reversed.

    By the third clause of his will the testator gave, devised and bequeathed to his executors all of his estate (excepting a previous bequest of some stocks), "to divide the same into two equal parts, and to hold one part thereof for the benefit of my wife, Emma E. Wilson, collecting therefrom all the rents, issues and profits, and paying the same over to her, after deducting all expenditures properly made on account thereof, during her life, and at her death to divide the same among my three children Arthur H. Wilson, Mary Frances Mott and Ethel M. Yarrington, equally, share and share· alike, and divide the other part among my said three children, equally, share and share alike."

    The next clause gives the executors a discretionary power to "sell, mortgage or lease" any real estate of which the testator should die seized.

    Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

    Edgar Jackson, for appellant Wilson.

    Henry E. Heistad, for appellant Mott.

    Gormly J. Sproull, for respondent Wilson.

    Herbert H. Kellogg, for respondent Yarrington.

    GAYNOR, J. Where the provisions of a will for the widow are inconsistent with her taking dower, although it be not made in terms in lieu of dower, as is the case here, she is nevertheless put to her election whether she will take dower instead of such provision, for she cannot in such case have both, and cannot in any case be deprived of her dower without her consent. The widow here claims that there is no inconsistency, and that she is therefore entitled to both.

    The will puts one half of the estate in trust with the executors for the widow for life, remainder to the three children; and confers a power in trust on the executors in respect of the other half, i. e., to divide it share and share alike among the three children. Now it is a plain thing that after one half of the land is set off by metes and bounds to the widow's trust, the remaining half cannot be divided by metes and bounds into three parts among the children, and each be put into possession of his part, if one-third of the whole ·(which

would be two-thirds of a half) has first to be set off by metes and bounds out of the children's half, and put into the widow's possession for her dower; and that is the test of inconsistency. Such test always was and is the physical one whether the setting off by metes and bounds of one-third of the land to the widow would make the carrying out of the devise of the will, i. e., the present physical division which it directs, impossible. 1 Roper on Hus. & W. 576; Closs v. Eldert, 16 Misc. Rep. 104, 37 N. Y. Supp. 353; Jurgens v. Rogge, 16 Misc. Rep. 100, 37 N. Y. Supp. 249; Matter of Zahrt, 94 N. Y. 605. To admeasure and set off one-third in dower in the present case would "disturb and defeat the will," which is the test. Adsit v. Adsit, 2 Johns. Ch. 448, 7 Am. Dec. 539. The suggestion to be found in an opinion here or there that the claim of dower may be considered as a lien on all the realty, like a mortgage, and that in that way it does not enter into or frustrate the physical division directed by the will, is an inadvertence. Dower is not a mortgage or a lien of any kind, but an estate. 4 Kent's Com. 35. It is an "incumbrance" —it incumbers the title—but an incumbrance is not always a lien, although a lien is always an incumbrance.

But even though there be no physical difficulty in the way of carrying out a will and setting off one-third of the land in dower, the intention of the testator to be fairly gathered from the words and the scheme of the whole will controls on the question whether the widow is to take dower in addition to the provision made for her, the same as on all other questions. The intention of the testator has to be followed if it be at all expressed. It is not permissible to use artificial rules of construction to spell out the meaning, except where it cannot be arrived at by ordinary interpretation of the words used in the light of the whole scheme of the will. This is the cardinal rule. Matter of James, 146 N. Y. 78, 40 N. E. 876, 48 Am. St. Rep. 774.

Moreover, it has long been settled by our decisions that where all of the realty is left in trust, such trust is "inconsistent with the right of the widow to manage or control any part of the realty," i. e., inconsistent with her right of dower. Matter of Gorden, 172 N. Y. 25, 64 N. E. 753, 92 Am. St. Rep. 689; Savage v. Burnham, 17 N. Y. 561; Tobias v. Ketchum, 32 N. Y. 319; Vernon v. Vernon, 53 N. Y. 351. The same principle for the very same reason must extend to a power in trust like that given by the present will over the half of the realty left to the children. The power to divide it into three equal parts, and assign one to the possession and control of each child, is as inconsistent with the widow being given possession and control of a part, i. e., of two-thirds thereof, as it would be in the case of a full trust.

The case of Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868, 58 Am. Rep. 494, may seem a stumbling block until you perceive that there the realty was converted into personalty by an imperative power of sale, and that therefore no physical difficulty of the division of land was presented. In the case of Lewis v. Smith, 9 N. Y. 502, 61 Am. Dec. 706, where the devise was of the whole estate to the widow for life, with remainder over, it is manifest that the widow

was not put to her election, for her claim of dower, as is there pointed out, could not conflict with the interest of any one who took under the will. There was no one to put her to an election; and if the husband's debts were sufficient to consume the estate, so that her dow-'er estate in a third was worth more than a life estate in the whole, she had the right to hold her dower estate away from the creditors.

The judgment should be reversed, and judgment given in accordance with the foregoing.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.