of requiring a referee appointed by a surrogate to pass upon requests to find facts or rule upon questions of law after the surrogate has reviewed the referee's report and exceptions thereto, seems apparent. Such a practice would lead to endless embarrassment and confusion, and be productive of inequitable results. It certainly finds no countenance in the statute, or any other scheme of orderly procedure.

[4] In the present cause the referee before whom the "case" was noticed for settlement was disqualified from acting by reason of his having been appointed a justice of the Supreme Court of this state. Countryman v. Norton, 21 Hun, 17; Heerdegen v. Loreck, 17 App. Div. 515, 45 N. Y. Supp. 585.

[5] It consequently became the duty of Surrogate Thomas to entertain the motion by the appellant to settle the "case," and also the other motion to strike out the amendments proposed to it, and thus dispose of the entire matter, as completely and effectively as the referee could have done had he not been disqualified. Code Civ. Proc. § 997, made applicable to Surrogates' Courts by Code Civ. Proc. § 2546.

Surrogate Thomas having died before a decision upon such motions, I entertain no doubt of the power of his successor to dispose of them. Matter of Lawrence, 58 N. Y. Supp. 597; Matter of Johnson, 27 Misc. Rep. 167, 58 N. Y. Supp. 601. The respondents' motion for such disposition is therefore properly made, and the questions involved therein, as well as those raised for the first time by the motion of the appellant for the vacatur of all the proceedings subsequent to the filing of the objections to the account, and for a new trial, are properly before me for decision.

From what has been said before, it is plain to me that none of the grounds relied upon by the appellant is sufficient to warrant the granting of his motion. It is therefore denied.

The motion of the respondents is granted, and the amendments proposed by them are allowed, and the proposed "case," as so amended, is settled as the "case" to be heard upon the appeal. Notice orders for settlement.

Decreed accordingly.

---

(72 Misc. Rep. 295.)

In re STUYVESANT'S ESTATE.

(Surrogate's Court, New York County.    May, 1911.)

1. TAXATION (§ 878*)—INHERITANCE AND TRANSFER TAXES—PROPERTY SUBJECT—GIFT IN LIEU OF DOWER.

   Where a widow elected to take dower, instead of the provisions in a will for her benefit, the value of the dower interest is not subject to a transfer tax, but, where she accepts the testamentary provisions in lieu of dower, the transfer of property passing by virtue of these provisions is taxable.

   [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 878.*]

2. TAXATION (§ 878*)—TRANSFER TAX—RIGHTS OF WIDOW—ELECTION BETWEEN DOWER AND OTHER RIGHTS.

   Where a testator's widow fails to comply with Real Property Law (Consol. Laws 1909, c. 50) § 201, as to election, she is presumed for the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

purpose of a transfer tax proceeding to have elected to take under the will, unless she is entitled to the dower in addition to the provisions of the will.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 878.*]

3. WILLS (§ 782*)—RIGHTS OF WIDOW—ELECTION BETWEEN DOWER AND OTHER RIGHTS.

In the absence of express words declaring that a testamentary provision for the widow is in lieu of dower, she is entitled to both, unless there be such an incompatibility between the claim of dower in addition to the testamentary provision and other arrangements for the disposition of testator's estate as will indicate a manifest intention on his part that the widow was not to receive both.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2018-2033; Dec. Dig. § 782.*]

4. WILLS (§ 782*)—RIGHTS OF WIDOW—ELECTION BETWEEN DOWER AND OTHER RIGHTS.

Testator devised land in fee simple to his brother and brother-in-law. He devised to his wife his residence in New York City and one in the state of New Jersey. He then directed that all the residue of his estate, both real and personal, be divided into six equal portions, two of which were given to his wife absolutely, three devised in trust during the life of his wife, the net income to be paid to her as long as she lived or till testator's son should attain his majority, and thereafter two-thirds of the income to be paid to the wife and one-third to the sons. The sixth portion was devised in trust during the life of the two children or till the elder should attain his majority, the net income to be paid to the children. Held, that the direction as to the residuary estate was inconsistent with any intention on the part of the testator that the widow should receive dower in addition to the testamentary provision; there being no disposition of the remainder after her life estate in the premises to be set apart for dower.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2018-2033; Dec. Dig. § 782.*]

In the matter of the transfer tax on the estate of Rutherford Stuyvesant, deceased. Appeal by the State Comptroller from an order fixing the tax. Decree entered.

Philip B. Adams, for State Comptroller.

Egerton L. Winthrop, Jr., for executors.

COHALAN, S. The State Comptroller appeals from the order fixing tax upon the ground that the appraiser erred in deducting from the taxable assets of the estate the value of the dower interest of decedent's widow in all his real estate.

[1] It is conceded that, if the widow elected to take dower instead of the provisions contained in the will for her benefit, the value of such dower interest would not be taxable. But, if she accepts the testamentary provisions in lieu of dower, the transfer of the property passing to her by virtue of these provisions is taxable. Matter of Riemann, 42 Misc. Rep. 648, 87 N. Y. Supp. 731; Matter of Barbey, 114 N. Y. Supp. 725. It is contended by the State Comptroller upon the appeal that the provisions made in the will for the benefit of decedent's widow and the disposition made by the testator of his entire estate are inconsistent with the claim of dower in addition to the testamen-

tary provisions for her benefit, and that she was, therefore, put to her election.

[2] The widow did not comply with any of the provisions of section 201 of the real property law in regard to election. She will, therefore, for the purpose of this proceeding, be presumed to have elected to take under the will, unless she is entitled to her dower in addition to the testamentary provision made for her by the testator.

[3] It has been uniformly held by the courts of this state that, in the absence of express words declaring that the testamentary provision is made for the widow in lieu of dower, the widow is entitled to both, unless there be such an incompatibility between the claim of dower in addition to the testamentary provision and the other arrangements made by the testator for the disposition of his estate as will indicate a manifest intention on the part of the testator that the widow was not to receive both. Lewis v. Smith, 9 N. Y. 502, 61 Am. Dec. 706; Adsit v. Adsit, 2 Johns. Ch. 448, 7 Am. Dec. 539; Horstmann v. Flege, 172 N. Y. 384, 65 N. E. 202. But, if the disposition which the testator has made of his estate indicates clearly that he intended the testamentary provision for his widow in lieu of dower, she is put to her election. Savage v. Burnham, 17 N. Y. 561; Vernon v. Vernon, 53 N. Y. 351; Asche v. Asche, 113 N. Y. 234, 21 N. E. 70; Matter of Gordon, 172 N. Y. 28, 64 N. E. 753, 92 Am. St. Rep. 689.

[4] In the matter under consideration the decedent, after several inconsiderable bequests, devised to his brother and his brother-in-law certain lots of land in the borough of Manhattan, city of New York, to have and to hold to them and to the survivor of them in fee simple. If the decedent had intended that his wife should receive dower in these lots. it is extremely improbable that he would have made the devise in fee simple instead of devising two-thirds of these various lots to the devisees mentioned, with remainder over in the other one-third set apart for his widow's dower. This provision is referred to merely as an indication of the general intent of the testator. After devising to his wife his residence in the city of New York, as well as his residence in the state of New Jersey, he made the following direction:

"Twelfth. All the rest, residue and remainder of my estate, both real and personal, shall be divided into six equal portions."

Two of such portions he gave to his wife in fee simple. Of the remaining four portions three were devised to the New York Life Insurance & Trust Company, as trustee, to hold the same during the life of his wife, to receive the rents, issue, and income thereof, and, after paying all charges, to pay over to her the net income as long as she lived or until decedent's son should attain his majority, and thereafter to pay two-thirds of the income to his wife and one-third to his two sons. The other one-sixth portion he devised and bequeathed to the New York Life Insurance & Trust Company, to hold the same during the lives of his two children or until the elder of them should attain his majority; to receive the rents, issue, and income thereof, and, after paying all charges, to pay the income to said children. The decedent was survived by his wife and two children. The direction in decedent's will that all the rest and remainder of his estate should be

divided by his executors into six portions, two of these portions given to the widow absolutely and the remaining four given to a trustee with the power to alter, repair, or rebuild the buildings, to change investments from time to time, to lease any part of the real estate and to grant, bargain, sell, and convey in fee simple all or any part thereof, is inconsistent with an intention on the part of the testator that his widow should have the ownership and control of one-third of this real estate for life. Besides, it seems unreasonable to assume that the testator intended that his wife should have his country residence in New Jersey during her life, his residence in New York City in fee, one-third of all the rest of his estate in fee, the income of one-half of the remaining two-thirds during her life, in addition to dower in all his real estate, while his children should only receive the income of less than one-ninth of the estate.

In Vernon v. Vernon, 53 N. Y. 351, the testator devised part of his lands to his wife in fee. The remainder he devised to trustees charged with the payment to her of an annuity for life out of the lands. It was held that the devise to the trustees, together with the power given to them to sell the real estate, was inconsistent with the widow's claim of dower. In the matter under consideration the trustee has power and authority to alter, repair, or rebuild the buildings and to dispose of the real estate in fee. Therefore, under the decision of Vernon v. Vernon, supra, these powers are inconsistent with the widow's claim of dower.

In Asche v. Asche, 113 N. Y. 232, 21 N. E. 70, the decedent gave all his estate, both real and personal, to trustees to pay a certain amount of the income to his mother during her life, and the remainder of the income to his wife during her life. The court said:

"The general scheme of the will seems to be antagonistic to the claims of the widow. The creation of a trust estate mostly for the benefit of his wife, which was to endure so long as she lived, is inconsistent with an implied right on her part to manage and control any part of the property devised. The circumstance that the testator substantially made his wife the sole beneficiary of the trust, thus giving her the income of all his estate, gives force to the implication that he did not propose she would also take dower."

In Matter of Gordon, 172 N. Y. 28, 64 N. E. 753, 92 Am. St. Rep. 689, the testator, after some bequests of minor importance, gave all the rest of his estate, both real and personal, to his executors in trust to collect the rents and profits, pay the expenses and keep the buildings insured until his youngest child should attain his majority. He directed his trustees to pay one-third of the net income to his widow, and to apply the remaining two-thirds to the support of his children. The court said:

"The vesting of title in trustees not only with power to sell and reinvest, but with special directions as to control and management and the payment over of the annual income to the widow and children, during the term of the trust, we regard as sufficient."

And at page 34 of 172 N. Y., at page 756 of 64 N. E. (92 Am. St. Rep. 689), the court says:

"In our opinion it is manifest from the carefully devised plan to invest the trustees with the continuous management of all the real estate for a long term

of years, that the testator did not intend that one-third of his estate should be placed in the possession and under the control of the widow, and at the same time that she should receive one-third of the income derived from the two-thirds then remaining. He did not intend that five-ninths of the income should go to her, while only one twenty-seventh went to each of his 12 children. Such a construction would be in contradiction of the will, and would disappoint the intention of the testator. We think that the dispositions of the will cannot be 'fulfilled consistently with the operation of the claim of dower.' "

Similarly, in this matter, it is manifest that the testator did not intend that one-third of his estate should be placed in the possession and under the control of his widow as her dower, and at the same time that she should have his residence in New York in fee, one-third of the remainder of his estate in fee and the income from one-half of the remainder during her life, while only less than the income of one-eighteenth of the estate went to each of his children. Therefore it appears that this matter comes clearly within the decision in Matter of Gordon.

In Horstmann v. Flege, 172 N. Y. 381, 65 N. E. 202, the testator divided all his real estate among his children, charging upon the portion devised to each a certain annuity which he required the devisees to pay to his widow during her life. The court distinguished this case from Matter of Gordon upon the ground that in this case the property was devised to the children upon consideration of their paying to the widow a certain annuity. In the Gordon Case the property was devised to trustees. The court, in referring to the Gordon Case, emphasizes the fact that in that case all the real estate was devised to trustees; but there does not seem to be any good reason for the contention of the respondents that the court intended by emphasizing the word "all" to mean that the decision was based solely upon the ground that all the real estate was devised to trustees and that the principle would not apply if only ninety-nine one-hundredths were so devised. The reasoning in the Gordon Case shows that because all the real estate was devised to trustees there was none left from which the dower interest of the widow could be set apart and allotted to her. That this was the intention of the court is apparent from the following, which is taken from page 387 of 172 N. Y., at page 204 of 65 N. E.:

"In the case before us the widow is given no interests in the rent or income from the real estate. Her annuity is not payable out of the income. If the annuity had been made payable out of the income, a different question would have been presented"

—indicating that, if the annuity had been made a charge upon the income derived from the land, the widow would have been put to her election.

In Wilson v. Wilson, 120 App. Div. 581, 105 N. Y. Supp. 151, the testator directed that one-half of his estate should go to trustees for the benefit of the widow during her life, remainder to the children. He also directed the trustees to divide the other one-half, share and share alike, among the three children. Justice Gaynor, in writing the opinion held that the reasoning in the Gordon Case applied to this case, saying:

"The power to divide it (the estate) into three equal parts, and assign one to the possession and control of each child, is as inconsistent with the widow being given possession and control of a part—i. e., of two-thirds thereof—as it would be in the case of a full trust."

In Orth v. Hagerty, 126 App. Div. 118, 110 N. Y. Supp. 551, the decedent left the income of certain personal property to his wife, and he gave to his grandchildren all the real estate of which he died seised. He directed his executors to hold the real estate until his youngest grandson should become 21. The court held that the testator intended that all his real estate should be held for the benefit of his grandchildren and not two-thirds thereof, and that the widow should elect.

In the matter under consideration the testator directed his executors to divide his estate (with the exception of some inconsiderable bequests and devises) into six equal parts. Two of these parts he gave to his wife in fee. The remaining four parts or two-thirds of his estate he gave to trustees, and empowered them to alter, repair, or rebuild the buildings, to lease any part thereof, to sell and convey in fee simple any part of the real estate. As the court said in Wilson v. Wilson, supra, the vesting of two-thirds of the whole estate in trustees, with the powers of management and control already enumerated, is as inconsistent with the widow being given possession and control of a part thereof as it would be in the case of a full trust.

But, if we assume the validity of the contention made by the executors in this proceeding, that the testator in directing that all the rest and remainder of his estate be divided into six equal parts intended to exclude from this division the one-third of his estate to which his wife would be entitled because of her dower right, we have the following disposition of the estate: One-third of the real estate is set apart for the widow as her dower, and the remaining two-thirds is divided into six portions in accordance with the directions contained in the will. Two of these portions are given to the wife absolutely. Three of them are given in trust, the income to be paid to the wife during her life, remainder to the children, and one of them is given in trust, the income to be paid to the children until they reach their majority, after which they are entitled to the principal. But there is no disposition made of the remainder in the one-third set apart to the widow for her dower. It cannot be contended that the clause of the will in which the testator directs that all the rest and remainder of his estate be divided into six portions includes the remainder after the life estate of the widow in the one-third set apart as her dower, because that remainder is directed to be divided into six portions and part of it given to the wife absolutely and a part given to her for life. Therefore, to hold that the wife is entitled to dower as well as the testamentary provisions for her benefit would necessitate a construction of the will which would result in the testator's dying intestate as to the remainder after the life estate of his widow in that portion of his estate set apart for her dower. But the court will not adopt a construction of the will which would result in partial intestacy. Schult v. Moll, 132 N. Y. 122, 30 N. E. 377; Johnson v. Brasington, 156 N. Y. 187, 50 N. E. 859; Jones v. Hand, 78 App. Div. 59, 79 N. Y. Supp. 556.

Besides, the testator's will was drawn with great skill and with

much elaboration of detail. The language is direct, precise, and explicit. Provision is made for the disposition of the estate in almost every conceivable contingency. The conclusion is therefore almost irresistible that, if he had intended that his widow should have dower in addition to the testamentary provisions for her benefit, he would have made a proper disposition of the remainder after her life estate in the premises set apart for her dower. His failure to do so shows a manifest intention on his part that the widow was not to receive dower in addition to the testamentary provisions for her benefit.

Therefore, as the contention of the executor that the widow is entitled to dower as well as the testamentary provisions made for her benefit is incompatible with the manifest intention of the testator in disposing of his entire estate, and would subvert the whole scheme of the testator in the disposition of his estate, and would result in the testator dying intestate as to the remainder after the life estate of his widow in the one-third set apart for her dower, it must be held that the widow is not entitled to her dower and the provisions made for her benefit in the will, and that it was incumbent upon her to make her election. As she has not made an election under section 201 of the real property law, the appraiser erred in deducting the value of her dower from the taxable assets of decedent's estate.

Decreed accordingly.