(83 Misc. Rep. 686)

## In re GALE'S ESTATE.

(Surrogate's Court, New York County.   January 8, 1914.)

1. WILLS (§ 782*)—CONSTRUCTION—EXCLUSION OF DOWER—INTENTION.

The testator's intention as to the widow's exclusion from dower is to be gathered from the will itself, and not from extrinsic circumstances.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2018–2033; Dec. Dig. § 782.*]

2. WILLS (§ 782*)—CONSTRUCTION—EXCLUSION OF DOWER.

Testator, domiciled in Pennsylvania, and leaving real estate appraised at $449,500 but no tangible personal property in this state, and leaving a widow and two minor children, devised all his real estate to a trustee, and then directed the trustee to pay his wife an amount equal to about one-half the value of the dower right as appraised and $1,000 a month during her lifetime, and that during her life she should have the free use of a residence valued at $44,500, or the rent therefrom, all the household goods, and the sum of $1,500 annually for the support of each of the children. *Held*, that the whole scheme of the will and of the trust was incompatible with an intention that the widow should take her dower estate in addition to the other provisions for her, so that the value of dower was improperly deducted from the assets of the estate in fixing the transfer tax thereon.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2018–2033; Dec. Dig. § 782.*]

3. TAXATION (§ 895*)—TRANSFER TAX—APPRAISER'S VALUATION.

Where the only evidence as to the value of decedent's real estate was the affidavit of a real estate expert, familiar with values in that locality, the appraiser in the matter of the transfer tax was justified in making such affidavit the basis of his valuation, and the State Comptroller, if dissatisfied, should either have examined the affiant as to the basis of his valuation or have submitted other evidence.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

4. TAXATION (§ 895*)—TRANSFER TAX—EXPENSES OF ADMINISTRATION.

In fixing the transfer tax the part of the estate situated in this state should bear its proportionate share of the expenses of administration to be deducted from the valuation, and on an estate of $449,500, the sum of $10,000 was a reasonable deduction.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

Proceedings to assess the transfer tax upon the estate of Loring R. Gale, deceased. From an order assessing the tax, the special guardian of decedent's minor children and the State Comptroller appeal. Modified and affirmed.

George Waddington, of New York City, special guardian.

Everett, Clarke & Benedict, of New York City, for executors.

John S. Jenkins, of New York City (Thomas B. Casey, of New York City, of counsel), for State Comptroller.

FOWLER, S.   The special guardian of Loring R. Gale, Jr., and Lucile Bentley Gale, the two surviving children of the decedent, has appealed from the order assessing a tax upon decedent's estate, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

alleges that the appraiser erred in finding that the widow of decedent was entitled to dower in his real estate in addition to the provisions contained in the will for her benefit. The State Comptroller also appeals upon the same ground and upon the further ground that the appraiser erred in deducting the sum of $10,000 as administration expenses in his valuation of decedent's real estate and in his failure to include in the taxable assets of the estate the household furniture of decedent. Loring R. Gale, the decedent herein, had his domicile in Pennsylvania. He died on the 4th day of February, 1913, leaving real estate in this state. The value of this real estate was ascertained by the transfer tax appraiser to be the sum of $449,500. He left no tangible personal property in this state. He was survived by his widow, Elizabeth B. Gale, and by two infant children—Loring R. Gale, Jr., and Lucile Bentley Gale, aged nine years and seven years, respectively. The will of Loring R. Gale was admitted to probate by the register of Potter county, Pa. The appeals have been admirably presented and most clearly argued by the special guardian, and, indeed, on the part of all the counsel engaged before me in this matter. The arguments have not left me in doubt concerning the disposition which ought to be made of this matter.

The appraiser found that the widow of Loring R. Gale had dower in his fee-simple estates in addition to the provisions for her contained in her husband's will. The special guardian and the comptroller severally appeal from this conclusion; the comptroller on technical grounds affecting the appraiser's mode of determining the value of the widow's dower, and the special guardian on substantive grounds, denying the existence of the widow's dower estate in view of the accepted provisions of the will.

The second clause of Mr. Gale's will provides as follows:

"I give, devise and bequeath all my estate, both real and personal of whatever nature and wheresoever situate, to my trustee hereinafter named, in trust nevertheless to take the same into his possession, to pay all taxes, assessments, repairs, insurance and other expenses incidental to the care of the same, to replace any buildings injured or destroyed by fire, to invest and reinvest the principal thereof, and to divide the said real estate, after setting aside sufficient to pay the legacies herein named, into as many shares as there shall be children surviving me. * * * "

This second clause also contains a direction for the payment of the accumulations as well as the corpus of the estate. As the deceased was survived by only two children, no question arises as to the validity of the trust. In the third clause of his will Mr. Gale directed his trustee to pay his wife the sum of $40,000, as soon as possible after his death, and $1,000 per month during her lifetime. He also directed that his trustee should not sell his Riverdale estate as long as his wife lives; that the taxes and repairs upon the estate should be paid by the trustee; that his wife should have the use of the property for herself and children free of expense to her, but, if she did not desire to live upon the property, the rents thereof should be received by the trustee and paid to her. I have no doubt from the scheme of the will that the rents were payable to the trustee, although

the will is less clear on this point than on some others. The particular property at Riverdale is described by the appraiser as a plot containing about 3½ acres, in the borough of the Bronx, with a 2½-story cottage, stable, and outbuildings, and having a market value at the date of Mr. Gale's death of $44,500. The testator also directed his trustee to turn over to his wife all his household goods and to pay to her the sum of $1,500 annually for the support and maintenance of each of his children. These are the provisions of the will most relevant to the questions raised by this appeal. The appraiser found the value of the widow's dower to be $93,696, and deducted this amount from the taxable assets of the estate. The will in question is not, perhaps, so technically expressed as it might be, but it is clear from the general scheme of the will that the trustee takes the legal title to the testator's real estate, and that the Riverdale estate is inalienable by the trustee as long as the widow lives; the trustee meanwhile doing all repairs and minding the upkeep of such real estate.

The special guardian contends that the provisions of the will for the widow exclude her right to dower. The legal question then here is: Was it the testator's intention that his widow should, in addition to the provisions of the will made for her benefit, also have her dower? If not, the appraiser erred in deducting the value of her dower estate.

[1, 2] The question how far a testamentary provision in favor of a wife operates to exclude dower by necessary implication has often been before the courts, and the general principle and its modifications and reservations are too plainly laid down to justify extended rediscussion. Whenever the claim of dower is so inconsistent with the terms of a will as to break up, or be incompatible with, the testator's entire dispositive scheme, as evidenced on the face of the will itself, it is held that the testator is to be presumed, by necessary implication, to manifest an intention that the provision for the widow shall be in lieu of her dower, although the will does not so declare in express words. What was testator's intention in this instance is the primary question, and such intention is to be gathered from the will itself, and not from extrinsic circumstances.

The testator having devised all his real estate to a trustee, together with possession thereof and the right to receive and collect the rents of the same, and having imposed the duty on the trustee to make all the necessary repairs to the buildings and to pay all premiums of insurance, taxes, and the assessments levied on such realty, there would seem to be an implication by necessity that the testator's testamentary provisions for his widow were intended by him to be in lieu of her dower. The testator's intention to .exclude dower may be implied if the claim of dower is inconsistent with the will. Savage v. Burnham, 17 N. Y. at page 577; Asche v. Asche, 113 N. Y. at page 235, 21 N. E. 70.

The character of the future management of the estate devised is regarded as significant of testator's real intention. Where a trustee of the legal estate is directed by the will, as here, to keep the house

devised in repair and to pay taxes, insurance, etc., such directions are regarded by the courts as inconsistent with an intention that the widow should have her dower estate therein. The direction, for example, to the trustee to repair, gives him a right of entry on the whole estate, and such direction to repair necessarily applies to the whole house and all the buildings, and not to two-thirds thereof. Such provisions and powers as those given by Mr. Gale to the trustee are incompatible with an intention, on the part of testator, that the widow should take her dower estate in addition to the other provisions made for her in the will. Birmingham v. Kervan, 2 Schoales & Lefroy, 444, cited with approval in Tobias v. Ketchum, 32 N. Y. 319, 330; Matter of Zahrt, 94 N. Y. 605; Asche v. Asche, 113 N. Y. 232, 21 N. E. 70; Matter of Gorden, 172 N. Y. 25, 33, 64 N. E. 753, 92 Am. St. Rep. 689, where the New York cases generally are reviewed; Wilson v. Wilson, 120 App. Div. 581, 105 N. Y. Supp. 151; Orth v. Haggerty, 126 App. Div. 118, 124, 110 N. Y. Supp. 551; Matter of Stuyvesant, 72 Misc. Rep. 295, 131 N. Y. Supp. 197. It is therefore evident that the appraiser erred in excluding the value of the dower estate.

[3] The comptroller's contention that the appraiser erred in his valuation is the next point for our consideration. The affidavits upon which the appraiser's valuation of Mr. Gale's real estate was based, recited that the affiant had been engaged in the business of buying and selling real estate in the borough of the Bronx for the past 15 years, and that he was familiar with the value of property in the neighborhood of the property appraised. As the affidavits of this real estate expert constitute the only evidence submitted to the appraiser concerning the value of decedent's real estate, the appraiser was justified in accepting it and making his appraisal on the basis of the valuation supplied by the expert. If the State Comptroller was dissatisfied with the valuation contained in the affidavits submitted to the appraiser on behalf of the estate, he should either have examined the affiant as to the basis of his valuation or submitted an appraisal by some one possessing the necessary qualifications for the appraisal of real estate. The affidavit submitted on this appeal contains no allegations which would warrant the surrogate in interfering with the finding of the appraiser.

[4] It is clear, also, that that part of the estate situated in this state should bear its proportionate share of expenses of administration, and the sum of $10,000 allowed by the appraiser is a reasonable deduction.

Enter decree accordingly.