## In re MARTINEZ.

(Surrogate's Court, New York County.  October 20, 1916.)

TAXATION ⬅➡895(6)—INHERITANCE TAX—DEDUCTION—DOWER.

Where decedent bequeathed to his wife a sum of money, and devised his family mansion, stables, etc., to her for life and gave his residuary estate in trust for division into four equal parts, paying the income from one of such parts to his widow for life, and the income from the other three parts to his children, a power to his trustee to sell the realty or lease it for a term manifested an intention that she should not have dower in addition to the provisions made for her, so that there was no error in refusing to deduct the value of her dower from the assets of the estate in fixing the inheritance tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1719; Dec. Dig. ⬅➡895(6).]

In the matter of the estate of Miguel Ramon Martinez.  From an order fixing a tax, the widow appeals.  Order affirmed.

Murray, Ingersoll, Hoge & Humphrey, of New York City (Theodore F. Humphrey, of New York City, of counsel), for appellant.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton, of New York City, of counsel), for State Comptroller.

FOWLER, S.  The decedent's widow appeals from the order fixing tax, and contends that the appraiser erred in refusing to deduct from the assets of the estate the value of her dower in the real estate of which the decedent died seised.  The decedent bequeathed to his wife the sum of $25,000, and devised to her, for her life, his family mansion in Spain, with the stables and garden attached thereto.  He gave his residuary estate to the New York Life Insurance & Trust Company in trust, to take and hold the same and divide it into four equal parts, and pay the income from one of the parts to the decedent's widow during her life, and to pay the income from the other three parts to his children.  He also gave his trustee power to sell his real estate or to lease it for a number of years.

The power given to the trustee to sell all his real estate or to lease it for a number of years is inconsistent with the right of the widow to the use and occupancy of one-third of it during her life. It is therefore, evident that the testator did not intent that the widow should have dower in addition to the provisions contained in the will for her benefit  Matter of Gordon, 172 N. Y. 25, 64 N. E. 753, 92 Am. St. Rep. 689; Matter of Gale, 83 Misc. Rep. 686, 145 N. Y. Supp. 301.

Order fixing tax affirmed.