## In the Matter of MANHATTAN SAVINGS BANK, Petitioner. FAUST PEIRANO et al., Respondents.

Supreme Court, Special Term, New York County, July 8, 1943.

*C. DeWitt Rogers* for petitioner.

*Albert E. Schwartz* and *Alexander Rothstein* for respondents.

EDER, J. Application by mortgagee pursuant to section 1077-c of the Civil Practice Act, for an order requiring the owner of the mortgaged premises to pay over to it the sum of $1,453.78, as surplus income to be applied toward the reduction of the past-due principal of the mortgage. The respondents show total rent collections during the entire year 1943 of $13,448.60, and total disbursements during that period of $15,818.04, thus showing a deficit, so claimed, of $2,369.44.

However, included in the disbursements are the following items: Payments to Josephine Peirano, widow of Louis Peirano, former owner of the property, to whose rights the respondents are alleged to have succeeded, the sum of $1,421.50; also, the sum of $84.81, penalty charges on real estate tax and water charge, making a total of $1,506.31.

These two items are not properly deductible and are disallowed. I held in *Manhattan Savings Bank* v. *Lewkres Realty Corp.* (N. Y. L. J., June 30, 1943, p. 2525), that penalties on taxes and water rates are not properly deductible as a carrying charge or operating cost.

As to the payment of dower, I disallow the item for the following reasons: A wife's right of dower is merely an emanation from the ownership of her husband and subject to all its qualifications, though not subject to his alienations or incumbrances, during the coverture, without her consent, declared as prescribed by law; dower is merely the interest of the widow as such in his lands; it is the portion of a deceased husband's estate admeasured to the widow for her support. In the final analysis, dower is not a mortgage or lien of any kind but an *estate;* it is an encumbrance only in the sense that it encumbers a title, but an encumbrance is not always a lien, although a lien is always an encumbrance. (*Wilson* v. *Wilson,* 120 App. Div. 581.)

That being so, I am unable to perceive upon what basis or theory the deduction of this sum for dower payment can be allowed.

However, even deducting these two items, there is still no surplus shown, but a deficit of $863.03. The motion is therefore denied.